**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30043 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00036-SPW-1 |
| v. | |
| JEROME LAWRENCE WIGMORE, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted May 8, 2020**
Portland, Oregon

Before: WATFORD and HURWITZ, Circuit Judges, and BATTAGLIA,***
District Judge.

Jerome Wigmore, Jr., appeals from his convictions for three firearm

offenses, contending first that insufficient evidence supports the jury's finding that

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

he possessed the weapons, and second that the district court erred in denying his requested jury instruction. We affirm.

1. Sufficient evidence supports the jury's conclusion that Wigmore knowingly possessed both the .357 revolver and the .22 rifle. Police found the two guns bundled together in Wigmore's living room next to the all-terrain vehicle he and his girlfriend, Gigi Guzman, shared. Although Wigmore argued that other motel residents would frequently leave belongings in their shared apartment, Guzman's testimony did not support those claims. She testified that the living room was full of Wigmore's belongings, that no one entered the apartment without her permission, and that items tenants left behind would be tagged and generally taken to the lost and found. Guzman denied possessing the firearms herself and told the police Wigmore had a gun safe, in which she suspected Wigmore had a .357 handgun based on a prior conversation. In addition, the owner of the motel in which Guzman and Wigmore lived testified that on the day police searched Wigmore's apartment, Wigmore had attempted to sell him a disassembled, nickel-plated .357 revolver—the weapon found in Wigmore's living room alongside the .22 rifle.

Viewing this evidence in the light most favorable to the prosecution, we conclude that a reasonable factfinder could find that Wigmore knowingly possessed the guns. *See United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir.

2010) (en banc).

**2.** The district court correctly instructed the jury on possession. The court gave the following instruction: "A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it." This was the proper definition of "possession." *See Henderson v. United States*, 135 S. Ct. 1780, 1784 (2015).

The district court did not err by refusing to add the sentence Wigmore proposed: "Mere proximity to contraband and mere association with a person controlling the contraband are each insufficient to show possession." The jury was already required to find that Wigmore knew of the weapons and either had control over them or had both the ability and the intention to exercise control over them. That instruction left Wigmore free to argue that he was merely present in the same room as the guns but had no knowledge of or dominion over them. Thus, Wigmore's defense theory was adequately reflected in the instructions given to the jury. *See United States v. Kenny*, 645 F.2d 1323, 1337 (9th Cir. 1981).

**AFFIRMED.**